UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PITSCH RECYCLING &
DISPOSAL, INC. and PITSCH
SANITARY LANDFILL, INC.,

    Plaintiffs,

v.

THE COUNTY OF IONIA,

    Defendant.
_____/

File No. 1:05-CV-123

HON. ROBERT HOLMES BELL

**OPINION**

In this declaratory judgment action, Plaintiffs Pitsch Recycling & Disposal, Inc. and Pitsch Sanitary Landfill, Inc. (collectively "Pitsch") seek a declaration that Defendant Ionia County's ("the County") amendment to its Solid Waste Management Plan increasing an impact fee on solid waste violates the United States and Michigan Constitutions. In addition, Pitsch seeks an injunction barring the enforcement of the new impact fee. Before the Court is Defendant's motion to dismiss for lack of subject matter jurisdiction. For the reasons that follow, Defendant's motion is granted.

I.

Pitsch owns and operates a landfill located in Orleans Township, Ionia County, Michigan. On January 20, 1998, Pitsch, the County, and Orleans Township entered into a contract in which Pitsch agreed to pay an impact fee of $0.60 per ton on all solid waste

disposed of in Pitsch's landfill (the "1998 Agreement"). The agreement specified that the revenue from the impact fee would be distributed as follows: 1) one-half to an account maintained by the County to be used for "landfill related infrastructure improvements," specifically to upgrade Johnson Road to an All-Season Road, 2) one-quarter to the County for resource recovery projects, and 3) one-quarter to Orleans Township for "uses relating to the impact of having a landfill in their jurisdiction." The contract also stated that "[t]he term of this agreement shall not exceed fifteen years. However, the agreement shall be reviewed in good faith at the time any future amendments to the County plan are made." The contract was incorporated into the Ionia County Solid Waste Management Plan and approved by the County.[1]

The parties operated under this agreement until June 2004. At that time, the County adopted a resolution updating its Solid Waste Management Plan and imposing a new impact fee upon all solid waste deposited in facilities within the County (the "Impact Fee Resolution"). "Unless a different user fee is agreed to through a "host contract" between Ionia County and a particular facility, the following user fee is established based on each ton deposited and/or processed in the facility: $1 per ton of waste accepted for deposit and/or processed." The resolution also purported to repeal and void "any previous memorandum, contract, resolution, or ordinance regarding a user fee or surcharge." By letter dated

---

[1] By statute, each county must compile and promulgate a solid waste management plan. *See* MICH. COMP. LAWS § 324.11533.

December 13, 2004, the County informed Pitsch that the Impact Fee Resolution terminated the previous contract between Pitsch, the County, and Orleans Township. The County also informed Pitsch that the $1 per ton user fee would be enforced as of March 1, 2005.

Pitsch contends that the imposition of the Impact Fee Resolution violates the Contracts Clause of the United States Constitution, Art. I, § 10, thus giving the Court federal question jurisdiction under 28 U.S.C. § 1331. The County argues that the adoption of the increased fee does not rise to the level of a constitutional question and therefore Plaintiff's suit must be dismissed for lack of subject matter jurisdiction.

## II.

Although the County brought this motion to dismiss for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(6) (failure to state a claim upon which relief can be granted), it is properly analyzed under the standard applicable to motions under FED. R. CIV. P. 12(b)(1) (dismissal for lack of subject matter jurisdiction).

A Rule 12(b)(1) motion may either attack the claim of jurisdiction on its face or it can attack the factual basis for jurisdiction. *Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 881 (6th Cir. 2005). The County has not disputed the facts pled in Pitsch's complaint, rather, it contends that the alleged facts are insufficient to support subject matter jurisdiction. Consequently, this is a facial attack on subject matter jurisdiction. *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). Under a facial attack, the Court must consider the allegations of the complaint as true and determine if Pitsch has alleged sufficient facts in its

3

complaint to create subject matter jurisdiction. *Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003) (citing *Jones v. City of Lakeland*, 175 F.3d 410, 413 (6th Cir. 1999)).

III.

Article I, § 10 of the United States Constitution provides: "No State shall . . . pass any . . . Law impairing the Obligation of Contracts." This prohibition has been interpreted to include actions of both states and their subdivisions. *See Horwitz-Matthews, Inc. v. City of Chicago*, 78 F.3d 1248, 1250 (7th Cir. 1996) (evaluating city council ordinance under Contracts Clause) (citing *Atlantic Coast Line R.R. v. City of Goldsboro*, 232 U.S. 548, 555 (1914) ("A municipal by-law or ordinance, enacted by virtue of power for that purpose delegated by the legislature of the state, is a state law within the meaning of the Federal Constitution."); *but see Wojcik v. City of Romulus*, 257 F.3d 600, 612 (6th Cir. 2001) ("The mere passage of a [city council] resolution is not *per se* a legislative act; nor is it true that municipal resolutions can never be deemed legislative acts. Instead, determining whether a resolution is a legislative act depends upon its content.") (emphasis in original). The Court will assume that the County's passage of the Impact Fee Resolution was a legislative act that should be analyzed under the Contracts Clause.

While the Contracts Clause prohibits a state from impairing the obligation of contracts, it does not protect against every breach of contract. *Charles v. Baesler*, 910 F.2d 1349, 1356 (6th Cir. 1990). "[A]n individual breach of contract . . . does not reach constitutional dimensions and create a cause of action based on the contracts clause."

*Jackson Sawmill Co. v. United States*, 580 F.2d 302, 311-12 (8th Cir. 1978).  Therefore, the Court must distinguish "between legislative action that merely breaches the contract and legislative action that impairs it, for only the latter is cognizable under the United States Constitution."  *TM Park Ave. Assoc. v. Pataki*, 214 F.3d 344, 349 (2d Cir. 2000).

The distinction between an unconstitutional impairment of a contract and a breach of contract is whether the non-breaching party has an available remedy.  *Hays v. Port of Seattle*, 251 U.S. 233, 237-38 (1920).  "[S]o long as governmental action does not foreclose an adequate damages or special performance remedy, a breach does not run afoul of the Contracts Clause."  *Charles*, 910 F.2d at 1356; *see also Univ. of Hawaii Prof'l Assembly v. Cayetano*, 183 F.3d 1096, 1103 (9th Cir. 1999) ("[L]egislation impairs a public contract only if it prevents or materially limits the remedies that would be available if the contract were between private parties."); *E & E Hauling, Inc. v. Forest Preserve Dist. of DuPage County*, 613 F.2d 675, 679 (7th Cir. 1980) ("[I]f a state or its subdivision passes a law and through enforcement of it prevents another party from fulfilling its obligation under the contract because the use of the ordinance precludes a damage remedy . . . the law has impaired the obligation of the contract.").

In this case, Pitsch contends that the Impact Fee Resolution impaired the 1998 Agreement because it both breached the contract and provided the County with a complete defense to a breach of contract suit.  Pitsch argues that it will be unable to recover damages in a breach of contract suit because the County can assert its authority under the Solid Waste

Management Act, MICH. COMP. LAWS § 324.11501 *et seq.*, as an affirmative defense. Pitsch reasons that the County's authority, under the Solid Waste Management Act, to impose a new impact fee precludes any remedy which Pitsch would receive in a breach of contract claim.

This argument is misguided. While the County may be permitted by statute to assess an impact fee on solid waste disposed of within its borders, this is not enough to preclude a damages remedy. The Solid Waste Management Act merely authorizes the County to issue an updated solid waste management plan and permits the assessment of an impact fee. *See* MICH. COMP. LAWS § 324.11533. It does not insulate the County from a claim of damages if the enactment of an impact fee breaches an already existing agreement. Consequently, it does not provide the County with a complete defense to a breach of contract claim. In this case, the County attempted to terminate the 1998 Agreement by enacting the Impact Fee Resolution. If that action was improper, Pitsch can recover damages for the breach. Although the County may have the power to assess an impact fee under the Solid Waste Management Act, the Court has not been directed to anything in the statute or Impact Fee Resolution which would permit the County to avoid its prior obligation and which precludes Pitsch from recovering damages if a new impact fee breaches an existing contract. *Horwitz-Matthews*, 78 F.3d at 1251 ("unless the city council has been delegated authority by the state to modify the law of contracts . . . there is no impairment of the obligation of the city's contracts."). The grant of authority to counties from the state to assess an impact fee on solid waste does not transform this case into one which arises under the Contracts Clause.

Pitsch's reliance upon an example of an impairment of a contract set forth in *Yellow Cab. Co. v. City of Chicago*, 3 F. Supp.2d 919 (N.D. Ill. 1998), is also misplaced. The court in *Yellow Cab Co.* offered the following example of when a state statute impairs a contract:

> If the State of Illinois passed a law forbidding the City to sell land for redevelopment, there would have been an impairment of contract because the City could have claimed the prohibition as a defense to a breach of contract suit. The developer could have then sued the State for impairment of contract.

3 F. Supp.2d at 923 (citations omitted). If anything, this example demonstrates why Pitsch's position must fail. As stated previously, although the State of Michigan has authorized counties to assess impact fees on solid waste, Pitsch has not shown that this authorization includes an ability to avoid contractual obligations entered into prior to the adoption of a new impact fee. Moreover, in the example from *Yellow Cab Co.*, the state law completely forbid the City from taking a certain action (selling land for redevelopment). In this case, neither the Impact Fee Resolution nor any relevant provision of state law takes such far reaching action.[2]

In essence, the Impact Fee Resolution merely announced the County's refusal to perform the original 1998 Agreement. It did not preclude Pitsch from obtaining a remedy for the potential breach. *See Yellow Cab Co.*, 3 F. Supp.2d at 922 ("Thus, even if the state repudiates its contract by enacting a law that purports to repeal the state's obligation, the state

---

[2] Even if Pitsch could show that a state statute provided the County with a complete defense in this case, according to the example cited by Pitsch, its claim would be against the State of Michigan, not the County. *See Yellow Cab Co.*, 3 F. Supp.2d at 923.

7

remains obligated to pay the other party's damages under the law of contracts."). Nor did it prevent the County or Pitsch from taking any further action.[3] Such a claim does not implicate the Contracts Clause. *Compare Horwitz-Matthews, Inc.*, 78 F.3d at 1251 (holding city council ordinance did not impair the obligation of contract where "[t]he repealing ordinance did not prohibit the City from doing anything; any such prohibition could have been immediately repealed by another ordinance; all the ordinance did was announce the City's termination of the contract.") *with E & E Hauling, Inc.*, 613 F.2d at 679-81 (holding that county forest preserve district's actions stated a cause of action under the Contracts Clause where defendant used its legislative authority to completely prevent plaintiff from fulfilling a contract by passing an ordinance prohibiting the dumping of certain materials in a landfill and posting armed guards at the landfill to enforce the ordinance).

Pitsch has failed to allege that the Impact Fee Resolution or any other relevant state law precludes a breach of contract action against the County in state court.[4] As such, Pitsch fails to state a claim under the Contract Clause that implicates the federal question

---

[3]Based upon the terms of the Impact Fee Resolution, it appears that Pitsch and the County could negotiate a different amount for the impact fee through a "host contract." *See* Exhibit 1, Pl.'s Compl. (Docket #1) ("*Unless a different user fee is agreed to through a "host contract" between Ionia County and a particular facility*, the following user fee is established . . . $1 per ton of waste accepted for deposit and/or processed.") (emphasis added).

[4]Pitsch's argument that the Impact Fee Resolution impairs the 1998 Agreement with regard to Orleans Township is also unavailing. It is based upon a hypothetical set of facts that may or may not come to fruition. The subject matter jurisdiction of the Court cannot be based upon a hypothetical situation which may occur in the future.

jurisdiction of the Court. Accordingly, the County's motion to dismiss for lack of subject matter jurisdiction is granted. An order consistent with this opinion will be entered.


Dated:     September 8, 2005              /s/ Robert Holmes Bell
                                          ROBERT HOLMES BELL
                                          CHIEF UNITED STATES DISTRICT JUDGE